(Decided May 13th, 1864.)

---

THE CUMBERLAND COAL AND IRON COMPANY, EDWARD H. TRACY AND OTHERS, *vs.* GEORGE JEFFRIES.

APPEALS AND WRITS OF ERROR.—There is no distinction, in principle, between writs of error, and the more simple mode of appeal, adopted in this State in civil cases.

———: SUMMONS AND SEVERANCE.—Where a judgment at law is rendered against several, *one* defendant cannot appeal, without first proceeding against the others by summons and severance.

If the other defendants on a summons, in the form of a *scire facias,* issued out of the appellate Court, notifying them to appear by a given day and assign errors in the judgment of the inferior Court,—fail so to do, the appellate Court will pass an order of severance, and entertain the appeal of the party appealing.

APPEAL from the Circuit Court for Allegany County :

This was an action of *trespass* brought by George Jeffries against the Cumberland Coal and Iron Company and others. The declaration charged that the defendants had broken and entered upon the plaintiff's land called *"The Anderson Farm,"* and then and there "took possession of the same, and then and there trod down, trampled upon and destroyed the plaintiff's grass and crops," &c.

The defendants pleaded separately. The Cumberland Coal and Iron Company pleaded the general issue, and also that at the time of the alleged trespasses the land in question belonged to it. Each of the other defendants pleaded the general issue, and also that the acts complained of were

done by them respectively as servants of said company, to whom the land in question belonged.

The plaintiff claimed to be in lawful possession of the property at the time of the trespass, as tenant of the Cumberland Coal and Iron Company, and gave in evidence a written lease for one year from the 1st of April 1859. On the 3rd day of April 1860, the lessor (having previously served a notice to quit) instituted proceedings before a justice of the peace, to put the tenant out of possession, and an inquisition was held under which the jury found "that before the expiration of said lease, the said Cumberland Coal and Iron Company agreed, in consideration of the said George Jeffries making certain improvements and planting certain clover and timothy seed upon a part of the demised premises, to extend the lease of the said George Jeffries, so as to allow him the benefit of the sowing of said clover and timothy seed," and upon this inquisition the magistrate rendered a judgment on the 7th of April 1860, refusing to award restitution of the premises.

*1st Exception.*—At the trial of the present action, the plaintiff, Jeffries, in addition to the written lease, offered in evidence these proceedings before the justice of the peace, "for the purpose of showing possession of the property described in said lease in the plaintiff in this cause at that time." The defendants objected to the introduction of said evidence, but the Court, (WEISEL, J.,) overruled the objection, and the defendants excepted.

*2nd Exception.*—The plaintiff then offered in evidence the papers, proceedings and docket-entries in an action of ejectment for the same land, brought against him in the Circuit Court for Allegany County, by the Cumberland Coal and Iron Company, and which was still pending, for the same purpose stated in the first bill of exceptions; to the admissibility of which the defendants objected. But the Court overruled the objection, and the defendants excepted.

*3rd Exception.*—The plaintiff then proved the death of Henry Inskeep, who it was admitted was examined as a

DECEMBER TERM 1863.          377

Cumberland Coal & Iron Co., et al., vs. Jeffries.

witness for the plaintiff in this cause, in the proceedings mentioned in the first bill of exceptions, wherein the warrant, inquisition, proceedings, docket entries and judgment were had between the plaintiff herein, and one of the defendants, to wit: the Cumberland Coal and Iron Company; and it was further admitted, that the said Henry Inskeep was cross-examined by said Cumberland Coal and Iron Company orally in the said proceedings; and then offered to prove in this cause, as evidence between the plaintiff and all the defendants herein, what the said Henry Inskeep testified to in the said proceedings so had between the said plaintiff and the said Cumberland Coal and Iron Company, in relation to an alleged extension of the lease already in evidence, to which evidence of what said Inskeep so testified to as aforesaid, the defendants objected as inadmissible in this cause; which objection the Court overruled, and the defendants excepted.

*4th Exception.*—The plaintiff then offered all the evidence contained in the first, second and third bills of exceptions, and then proved by several of the jurors who sat upon the inquisition mentioned in the first bill of exceptions, what the said Henry Inskeep had testified to on that occasion; and also that the said Jeffries and the Cumberland Coal and Iron Company were each there represented by counsel, and that said Inskeep was examined and cross-examined by the counsel for the respective parties.   And the plaintiff also proved by his son, that he, the plaintiff, did sow on or after April 1859, about twenty-six or twenty-eight acres of clover or timothy seed on the farm, and that during the year from April 1859, to April 1860, the plaintiff re-set and repaired part of the fences on the farm.

The defendants then offered the following prayer:

"The defendants, by their counsel, ask the Court to instruct the jury, that there is no sufficient evidence in this cause from which they can find that any lease of the premises described in the written lease offered in evidence in this cause, after that written lease was signed, was made

by the Cumberland Coal and Iron Company to the said George Jeffries, of the premises thereby demised; nor any evidence from which they can find that the term of one year, for which said written lease was made, was ever extended for any time beyond said year afterwards, by the said Cumberland Coal and Iron Company, to said George Jeffries.''

The Court refused to grant this prayer, and a verdict and judgment were rendered against all the defendants.

The present appeal is taken by the Cumberland Coal and Iron Company alone, and not by the other defendants, and upon this ground the appellee moved for a dismissal of the appeal; which motion was heard at the same time with the appeal.

The cause was argued before BARTOL, GOLDSBOROUGH, and COCHRAN, J.

George A. Thruston, for the appellant:

There is no evidence in the record of any trespass having been committed. The evidence admitted, as to the extension of the lease, was all in sundry litigations between the appellant and appellee, to which none of the other joint defendants, were parties in any way, or had anything to do with the same; yet the Court admitted it all against all of the defendants, without restrictions or instructions.

As all of this litigation was between the appellant and appellee, including the examination and evidence of Inskeep, to which all of the other three defendants were not parties, and no testimony appears in the record to show that they were present or cognizant of any of it, it was all inadmissible as res inter alios acta. 1 Stark. Ev., 58, 60, 61. 1 Greenlf. Ev., sec. 125, p. 159. Ib., secs. 523, 535. Powell on Ev., 86 Law Lib., t -p. 137, s. p. 207. We will add to these authorities the case of Harker & another, vs. Dement, 9 Gill, 7, in which it is determined that the measure of damages against strangers in trespass, is more ex-

Cumberland Coal & Iron Co., et al., *vs.* Jeffries.

tensive than against the reversioner; which makes the testimony offered against the other defendants liable peculiarly to this rule.

The proceedings produced, of the inquisition, &c., under Article 53 of the Code of Public General Laws of Maryland, are wholly unwarranted by the provisions of that Article.

These proceedings, as produced, cannot operate as an estoppel; they are not the proceedings of a Court of competent jurisdiction, of which a record can bind the parties to the proceeding itself, as to any future litigation. They are wholly unwarranted by the law itself.

The proceedings in the action of ejectment aforesaid, pending still in the lower Court, and offered in evidence by the plaintiff below, in addition to that in first bill of exceptions, against all of the defendants, was inadmissible in evidence for the first general objection to all of the evidence in the record, viz: as *res inter alios acta.*

The additional evidence in the third bill of exceptions, offered by the plaintiff below against all of the defendants, and admitted by the Circuit Court, is liable to same objection last stated. 1 *Greenlf. Ev.,* secs. 163, 164. *Broom's Legal Maxims,* side-paging, 432, *et seq.*

This brings us to the consideration of the admissibility of the evidence contained in the fourth bill of exceptions.

This Court has determined "that it is for the Court to decide upon the admissibility and legal sufficiency of the evidence," and to determine whether evidence is legally calculated to conduct the mind of a jury to a conclusion. *Harlan vs. Brown,* 2 *Gill,* 475. *Nailor vs. Bowie,* 3 *Md. Rep.,* 251. *Morgan vs. Bitzenberger,* 3 *Gill,* 350. *Cockey's Lessee vs. Smith,* 3 *H. & J.,* 20. *Peter vs. Schley's Lessee, Ib.,* 211. *Stewart's Lessee vs. Mason, Ib.,* 507.

Conceding the proof as to the renewal of the lease to be correct as given, the conditions of the renewal were not performed, and the time when part only were performed, is left wholly undetermined.

Such evidence was entirely insufficient and inadmissible to go to the jury, to show any renewal or commencement of lease.   *Archbold on Landlord & Tenant, side-paging,* 22, 24, 26, 58.   *3rd Series* 43 *Law Lib., top-paging,* 48, 49, 51, 76.   *Comyn on Landlord & Tenant, side-paging,* 79, 88. *3rd Series* 2 *Law Lib., top-paging,* 45, 50.   *Taylor on Landlord & Tenant,* 27, 30, 45, 46, 48, 49.   *Ib., secs.* 42, 46, 70, 71, 75, 76.

*Thomas J. McKaig,* for the appellee :

The appeal should be dismissed, because it is prayed and brought up at the instance of only one of the four joint defendants.   *Price vs. Thomas,* 4 *Md. Rep.,* 514.   *Lovejoy vs. Irelan,* 17 *Md. Rep.,* 525, and the cases there referred to in the opinion of the Court.

The evidence contained in the first bill of exceptions was properly admitted, as it shows conclusively, by the admissions of the appellant, under whom the other defendants justify, that at that time Jeffries was in possession of the property, claiming to hold it under a lease from the company.

So also was that contained in the second bill of exceptions.

Also the evidence contained in the third bill of exceptions.   2 *Phillips on Ev.,* 88, *ch.* 1, *sec.* 7.   1 *Greenlf. on Ev., secs.* 163, 164, 165, 189, 523, 536, note 1.

The defendant's prayer was properly rejected by the Court.

The fourth bill of exceptions incorporates all the testimony in the bill, and no exception is taken to any of the testimony in the fourth exception. The exceptions are only to the refusal to grant the prayer.   The prayer was therefore properly rejected, and the failure to except to the testimony in the fourth exception was an abandonment of the exceptions in the first three exceptions.

The evidence of Inskeep was clearly admissible against the Cumberland Coal and Iron Company.   If we were even

to admit that it was not evidence against the other parties, it could not avail the appellant in this appeal, because the other parties did not appeal.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The principal question for this Court to decide in the above case, arises on a motion to dismiss the appeal, upon the ground, that it is prayed and brought up at the instance and on the prayer of one only of the four joint defendants.

It appears from the record that the appellee instituted an action of trespass *quare clausum fregit*, charging the appellant, together with the three other defendants named in the appellee's declaration, with entering certain lands called the "*Anderson Farm*," of which the appellee claims he was in the lawful possession at the time of the alleged trespass. The defendants pleaded separately. Upon the trial, the jury rendered a *joint* verdict against all of the defendants. Judgment was entered upon this verdict, and from this judgment the appeal was taken by the appellant alone.

The question involved in this motion, has, in our opinion, been expressly decided in *Lovejoy vs. Irelan*, 17 *Md. Rep.*, 526. This Court in that case say, "there is no doubt that in a case at common law a writ of error brought by one of several defendants, could not be maintained." The above was a case in equity, and the principal difficulty with the Court was, in applying a well established rule of law to a case in equity, and it was only by assimilating that case to a case at law that the appeal was dismissed. Since that decision, however, the law has been modified by an Act of Assembly in cases in equity, so that, in such cases, the question cannot again arise.

This view in cases at law, is fully sustained by *Tidd's Pr.*, 1189, 1226, and by the cases referred to by the learned judge who delivered the opinion in *Lovejoy vs. Irelan.*

See also the case of *Williams vs. Bank of U. S.*, 11 *Whea-*

*ton's Rep.*, 415. This was a case at common law, in which Chief Justice Marshall stated, "that the writ of error must be dismissed." "The judgment in the Circuit Court of Ohio, was a joint judgment upon a joint action for money lent, against three defendants, and the writ of error was sued out by one of the defendants in his own name only, without joining the others; that the writ of error ought to have been in the name of the three; and if the others refused to join in it, that it would deserve consideration whether the present plaintiff might not have summons and severance."

Though the last cases above referred to were adjudicated by other tribunals than those of this State, and rested principally upon the English law in reference to writs of error, we can see no distinction in principle between writs of error and the more simple mode of appeal adopted in this State in civil cases. The effect of non-joinder of defendants in writs of error, is well defined in *Tidd's Pr.*, 1189, and a similar mischief would follow in cases of appeal. The force of this reason is obvious, when we regard the period of time within which the law allows appeals to be taken. See Article 5, sec. 7, of the Code.

The party appealing has his remedy by summons and severance. This summons issues out of the Appellate Court in the form of a *scire facias*, notifying the other defendants to appear by a given day and assign errors in the judgment of the inferior Court. If the defendants fail so to do, the Appellate Court will pass an order of severance, and entertain the appeal of the party appealing. We are of opinion that the appeal in this case must be dismissed.

It may be proper to say that we have carefully considered this case upon its merits, and in the absence of the motion to dismiss the appeal, we should have affirmed the judgment.

*Appeal dismissed.*

(Decided May 25th, 1864.)