THE CUMBERLAND COAL AND IRON COMPANY, EDWARD
H. TRACEY, WILLIAM P. VAN DEUSEN AND THOMAS
CORCORAN *vs.* GEORGE JEFFRIES.

*Evidence—Practice—Appeal—Erroneous Execution—Summons and Severance.*

In an action of trespass *quare clausum fregit*, against the Cumberland Coal
and Iron Company and others, to which they severally pleaded "not
guilty," the Company also pleaded *liberum tenementum*, and the other
defendants that the title and right of possession to the lands trespassed
upon, was in the Company and that they entered as its servants and by
its command, the plaintiff, to show possession in himself, offered in evidence a lease of the premises from the Company, for the period of one
year, and a notice directed to him by the said Company, to quit at the
end of the current year of his tenancy. He also offered in evidence the
warrant and other proceedings instituted by said Company, under the
53d Article, of the Code of Public General Laws, for the purpose of recovering possession of said premises, with the judgment of the Justices
of the Peace thereon, refusing to award restitution. HELD:

That this evidence was admissible not only against the Company, but also
against the other defendants, as they had pleaded in justification the
rights of the Company.

And that it was competent for the plaintiff to offer in evidence the papers,
proceedings, and docket entries in an action of ejectment then pending,
for the same land, brought against him by the Company in the Circuit
Court for Allegany County.

It was also competent for the plaintiff to prove the facts which had been
deposed by a deceased witness, who had been sworn and examined at
the trial before the Justices of the Peace, as that proceeding and the
present must be considered as actions between the same parties, the defendants in the latter all justifying under an alleged title in the Company,
who was the defendant in the former.

The proceedings before the Justices of the Peace, instituted by the Company, the verdict and their judgment thereon was an adjudication by a
competent tribunal, deciding that the Company was not entitled to have
restitution of the possession, and that the plaintiff was rightfully in possession, and was evidence in this cause not merely to prove the fact of
his possession at the time of the trespass, but that he held rightfully.

Where a judgment is rendered against four defendants jointly, and one of
them appeals, and files his bond, an execution cannot lawfully issue
against the others, pending the appeal. The fact that one only appeals,

The Cumberland Coal and Iron Company *et al. vs.* Jeffries.

without summons and severance makes no difference; the question as to the regularity of the appeal, is exclusively for the decision of the appellate Court.

APPEALS from the Circuit Court for Allegany County.

The first appeal in this case, being from the judgment rendered against the appellants, who were defendants below, was before this Court on a previous occasion, when the appeal was prosecuted by the Cumberland Coal and Iron Company alone, and the same was dismissed upon the ground that it was so prosecuted by one only of four joint defendants. (*See* 21 *Md. Rep.*, 375.)

The facts and pleadings in this case, together with the exceptions which were taken in the trial below, are set forth with sufficient fulness in the opinion of the Court.

The cause was argued before BOWIE, C. J., BARTOL and CRAIN, J.

*George A. Thruston,* for the appellants.

In addition to the views which were presented when the Cumberland Coal and Iron Company alone appealed to this Court, and which may be found in the report of that case in 21 *Md. Rep.*, 375, it is submitted that whilst that appeal was pending in this Court, and before a decision therein was rendered, the appellee moved in the Court below, that execution be issued against all the defendants, including said Company, which motion the Court granted, and ordered execution to be issued against all of the defendants, and execution was issued. From this order the second appeal was taken. We contend that whether the appeal by the Company alone, one only of the defendants, was good or not, the effect of it, and the appeal bond filed under it, was to transfer the cause to this Court, and whilst the same was pending here, all power in the lower Court to issue, or direct execution to be issued in the cause

against all of the defendants, or indeed against any of them, was wholly suspended. The plaintiff was fully protected by the appeal bond filed by the Company, the defendant appealing, as much so, it being approved by the Court as required by the Code, as if all the defendants had given it, or, as if it had been given in their behalf. The lower Court is not to judge when an appeal will lie; and to exercise such judgment in the cause pending such an appeal, is in fact, determining that the appeal taken in the case, would not lie; and this too whilst the question was before the higher Court for its decision, and undetermined by it. Again, the proceedings by way of summons and severance, are in the appellate Court,—the writ of summons issuing therefrom to the co-plaintiffs or co-defendants as the case may be, and the severance is there made, after the appeal by the party appealing is entered on their docket;—none of such proceedings appear in the lower Court, from which the appeal is taken, pending the appeal, and until it is determined by the appellate tribunal. How, therefore, can the Court below know whether the appeal is properly taken, or properly standing in the appellate Court? If properly taken and pending there, the appeal by one co-defendant, accompanied by an appeal bond, approved and filed in the Court below, would certainly stay execution against such defendant, and in the case of joint defendants, against all the co-defendants: as the plaintiff below is fully protected;—until the record and proceedings are sent back from this Court, to the lower Court, how can the latter judicially know whether summons and severance are required in the case? and if so, whether or not the same have been made?

With all due respect to the lower Court, we contend that such action on their part, in thus ordering execution to issue, is interfering with the right of appeal, or at least determining, that in some cases it would not lie, when they must be legally ignorant of facts that determine such

question, so long as the cause remains in the higher Court. *Chesapeake Bank vs. McClellan and Raborg*, 1 *Md. Ch. Dec.*, 328; *Oliver vs. Palmer and Hamilton*, 11 *G. & J.*, 137; *Thompson vs. McKim*, 6 *H. & J.*, 302. The effect of the appeal is to transfer the cause from the lower Court to this Court, and pending it, when an appeal bond is duly filed and approved, the Court from which the appeal is taken, is deprived of all power to proceed further in the cause.

*Thomas J. McKaig* and *Thomas J. McKaig, Jr.*, for the appellee:

The evidence introduced by the plaintiff below, and to the admission of which the defendants took their first and second bills of exceptions, was properly received, because the Cumberland Coal and Iron Company, the plaintiff in the proceedings before the Justices of the Peace, under the 53d Article of the Code of Public General Laws, and in the action of ejectment, is the real and sole defendant in this case, the other defendants pleading justification of their acts as the servants and employees of the Company; the rule of law therefore which would tend to fix upon this evidence the character of *res inter alios acta*, does not in any manner apply. 1 *Greenleaf on Evidence, secs.* 523, 536. All the pleadings and evidence in the cause, indisputably establish the fact that this trespass was the deliberate act of the Company, performed by its command, through the instrumentality of the other defendants, its servants and agents. A corporation cannot commit a trespass, except through its constituted agents or servants, and at one time it was held, that the action must be brought against the individuals alone, and they could justify in right of the corporation. *Angel & Ames on Corporations, secs.* 311, 382, 385. Even admitting that this last proposition is not strictly correct, yet the fact that these defendants, Tracy, Van Deusen and Corco-

ran, in all their pleas, justify in right of the Company, in that they acted as its servants and by its command, clearly renders the evidence admissible against them, as well as against the Company. *Kennersly vs. Orpe*, 2 *Doug.*, 517; 2 *Phil. Ev.*, 10; 1 *Starkie's Ev.*, sec. 260; *Strutt vs. Bovingdon et al.*, 5 *Espinasse, N. P. C.*, 56; *Blakemore et al. vs. The Glamorganshire Canal Co.*, 2 *Cromp. Mee. & Ros.*, 133. And further, this evidence was offered simply to establish the fact of Jeffries' possession prior to and at the time of the trespass, without any relation or reference to the right thereof, and it was therefore properly admitted to prove this collateral fact, although the Court might have held that the parties were not the same. 1 *Greenl. on Ev.*, secs. 527, 539; *Fitzhugh vs. Croghan*, 2 *J. J. Marsh.*, 429, 440, 441; *Richardson vs. Scott et al.*, 6 *Louisiana Rep.*, 54; *Key vs. Dent, Adm'r of Wood*, 14 *Md. Rep.*, 86. It could have been successfully maintained in the trial of the cause below, that the defendants were estopped by the verdict of the jury of inquisition, from denying that there was an extension of the lease. Because this was a tribunal not only appealed to by themselves, but specially empowered to adjudicate questions of this character, and therefore, its decision, so long as it remained unreversed and in full force, constituted the renewal of the lease a matter *res adjudicata*, and it could not thus incidentally and collaterally be questioned in this case. 2 *Phil. on Ev.*, (4th Am. Ed.,) 20, note 262.

The evidence relative to the testimony of Inskeep, a deceased witness, in the inquisition trial, was properly admitted, 1 *Green. on Ev.*, sec. 163. It is sufficient that this testimony should have been given in a judicial proceeding of any kind, where an oath was administered, and its admissibility turns rather upon the fact of the witness having undergone a cross-examination, than upon the precise nominal identity of the parties. 1 *Phil. on*

*Ev.*, 390, *note* 110; 1 *Greenl. on Ev.*, 164; *Wright vs. Tatham*, 1 *Adol. & Ell.*, 3; *Lawrence vs. Hunt*, 10 *Wend.*, 80. What Inskeep testified to could be proved by any person who heard him. 1 *Greenl. on Ev.*, 166; 1 *Phil. on Ev.*, 395, *note* 115; *Strutt vs. Bovingdon et al.*, 5 *Espinasse, N. P. C.*, 56.

The appellants' prayer was properly rejected, because it assumes a question of fact, which it was the province of the jury alone to pronounce upon. While it is admitted that the legal sufficiency or character of the evidence adduced, is for the Court to decide, and its sufficiency in fact for the jury, it is none the less true that if there be any legal evidence whatever, no matter how slight, the jury must be permitted to pass upon it. *Davis et al. vs. Barney*, 2 *G. & J.*, 382. The appellants' prayer necessarily admits the truth of all the appellee's testimony relative to the renewal of the lease; (*McElderry vs. Flannagan*, 1 *H. & G.*, 308; *Cathell vs. Goodwin*, 1 *H. & G.*, 468,) and such evidence, no matter how weak and inconclusive in point of fact it may be deemed, was indisputably legal evidence to prove said extension of the lease.

No error can be imputed to the Court below in granting the motion that the appellee should have his execution. This motion was made in open Court, and at a regular term thereof. The law had been clearly laid down, previously, by this Court, to be taken cognizance of by every inferior tribunal of the State, that an appeal by one defendant without " *summons and severance*," was no appeal, and the proceedings relative to this appeal, on file in the Clerk's office of the Circuit Court for Allegany County, evidenced that the Cumberland Coal and Iron Company alone, had taken an appeal. It therefore devolved upon the appellants, when that motion was made, to show, affirmatively, that the law had been fully complied with, and the proceeding of " *summons and*

*severance*" regularly pursued. If the theory assumed upon the other side be correct, then both a final hearing in this Court, and the issue of execution can be delayed for three years, *non obstante*, every effort of the plaintiff; since as soon as the appeal of one defendant is dismissed, another can pray an appeal, and so on, until the three years allowed for an appeal be consumed, and the Court below in the meantime be prohibited from issuing execution, although, in point of fact, no legal appeal whatever has been taken; and during the whole of this time the plaintiff is without any valid security in the form of a *bona fide* and proper legal bond, to secure him against the ultimate loss of his judgment.

BARTOL, J., delivered the opinion of this Court.

This record contains two appeals: the first from the judgment rendered against the appellants, who were defendants below; the second from the order of the Circuit Court awarding execution on the judgment. The first appeal comes up on four bills of exceptions, which will be considered in their order; premising that the suit was an action of trespass *quare clausum fregit;* the declaration alleged that the defendants "broke and entered certain lands of the plaintiff, &c., and then and there trod down and trampled upon and destroyed the plaintiff's grass and crops then and there growing, and ploughed up and destroyed the growing crops of the plaintiff, and prevented him from using and enjoying the same, and divers other wrongs," &c., &c. The defendants pleaded severally "not guilty." The Cumberland Coal and Iron Company pleaded *liberum tenementum*. The defendants, Tracy, Van Deusen and Corcoran, each pleaded in justification that the title and right of possession to the lands, was in the Cumberland Coal and Iron Company, and they entered as its servants and by its command.

The suit was instituted on the 28th day of February, 1862. The plaintiff gave in evidence a written lease of the lands from the C. C. & I. Co., dated 30th March, 1859, by which they were demised to him for one year from 1st of April, 1859. He then gave in evidence " a notice to quit," directed to him by the Company, dated 25th February, 1860, requiring him to give up the possession at the end of the then current year of his tenancy. He then offered in evidence the warrant and other proceedings instituted by the C. C. & I. Co., in April, 1860, under the 53d Article of the Code of Public General Laws, for the purpose of recovering the possession of the lands in question, with the judgment of the Justices thereon, refusing to award restitution.

To the admission of this testimony the defendants took their first bill of exceptions. In the judgment of this Court the testimony was admissible. In the argument in this Court it was objected that as to three of the defendants, Tracy, Van Deusen and Corcoran, it was *res inter alios*, but they having pleaded in justification the rights of the C. C. & I. Co., stand in the same position as the Company, and the evidence was admissible against them as well as the Company. The same rule applies to the evidence contained in the second exception, which comprised the papers, proceedings, and docket entries in an action of ejectment, then pending, for the same land, brought against the appellee by the Cumberland Coal and Iron Company in the Circuit Court for Allegany County, and we affirm the ruling of the Circuit Court on that exception also. The third exception was taken to the admission of the testimony of several witnesses to prove the facts that had been deposed by one *Henry Inskeep*, a witness sworn and examined at the trial before the Justices of the Peace, and who had since died. The object of this testimony was to prove an agreement by the Cumberland Coal and Iron Company made with the

plaintiff in the Spring of 1859, to grant him an extension of the lease after the expiration of the term. We have said that the proceedings had before the Justices were admissible evidence against all the defendants in this case, because they are not strangers to each other, but all justify under the alleged title of the Cumberland Coal and Iron Company; any evidence therefore that tends to prove a right of possession in the plaintiff as against the Company is admissible under the pleadings against the other defendants. So far as this evidence is concerned the former proceeding before the Justices, and the present, must be considered as actions between the same parties. In such case it is well settled the testimony of a deceased witness given in the former action is admissible. 1 *Greenleaf Ev.*, secs. 163, 164, 165, 166, and authorities there cited. If it were necessary, several cases in this Court might be cited in support of this rule of evidence.

The fourth exception was taken to the refusal of the defendants' prayer asking the Circuit Court to instruct the jury that there was no sufficient evidence in the cause, from which they could find that the term of one year for which the written lease was made, was ever extended. In our opinion there was no error in refusing this prayer. Although the testimony of Inskeep taken alone is somewhat vague and indefinite in its terms, it was competent for the jury to infer from it that there had been an agreement between the Company and the plaintiff that he should remain in possession after the expiration of the year. In addition to this, the proceedings before the Justices instituted by the Company, the verdict and their judgment thereon, was an adjudication by a competent tribunal appointed by the law to determine the question, deciding that the Cumberland Coal and Iron Company were not entitled to have restitution of the possession, and that the plaintiff was rightfully in possession. We think the Com-

The Cumberland Coal and Iron Company *et al. vs.* Jeffries.

pany was bound by the judgment, and by the finding of the jury on the questions at issue ; and that the proceedings were evidence in this cause not merely to prove the fact of the plaintiff's possession at the time of the trespass; but also that he held rightfully and not as a mere wrong-doer. The question whether if he had been a mere *tort feasor,* wrongfully holding over after the end of his term and notice to quit, he could maintain this action against the owner of the land, entitled to the possession, is one upon which there is much conflict of authority. But as it does not arise in this case, we forbear to express any opinion upon it. On the first appeal the judgment must be *affirmed.*

On the second appeal, we are of opinion the writ of execution was erroneously awarded. After the judgment against all the defendants an appeal was taken and bond filed by one of them, the Cumberland Coal and Iron Company alone, and pending that appeal the writ of execution was awarded against the others. That was erroneous; the judgment was joint, and execution could not lawfully issue against three only of the defendants. The fact that one only had appealed, without summons and severance, made no difference, the question upon the regularity of the appeal was exclusively for the decision of this Court; the Circuit Court could not treat it as irregular. Besides, the writ of summons and severance is issued out of the appellate Court; and it would have been competent for the other defendants upon the service of the writ, if one had been issued, to come into this Court and unite in the appeal. If they had refused to unite, a judgment of severance would have been passed by this Court, and the appeal of one would have been entertained, and the judgment might have then been enforced by execution against the others. *Lovejoy vs. Irelan,* 17 *Md. Rep.,* 525 ; *Cumberland Coal and Iron Co. vs. Jeffries,* 21 *Md. Rep.,* 382.

On the second appeal the judgment of the Circuit Court will be reversed.

*Affirmed on first appeal and*
*reversed on second appeal.*

(Decided 19th July, 1867.)