INHABITANTS OF ELLSWORTH *vs*. INHABITANTS OF WALTHAM.

Hancock.    Opinion March 12, 1926.

*Evidence of a deceased witness given at a former trial can only be admitted in another trial when the second action is between the same parties, or their privies, and the issues are the same.*

*In an action against the town of derivative settlement, which sets up in defense an acquired settlement in another town, the burden of proving the acquired settlement is on the defendant.*

In the instant case, the jury found that the defendant had not sustained the burden of proving an acquired settlement set up as a defense. The evidence in the case does not warrant the court in substituting its opinion for the finding of the jury.

On exceptions and motion for new trial by defendant. An action by the inhabitants of Ellsworth against the inhabitants of Waltham brought under Sec. 71, Chap. 19, of the R. S., to recover for supplies and medical attendance furnished an indigent family quarantined by the Board of Health of Ellsworth on August 23, 1921. Counsel for defendant offered the testimony given at a former trial by a witness since deceased which was excluded and exceptions taken. The jury rendered a verdict for plaintiff for $265.52 and defendant filed a general motion for a new trial. Motion and exceptions overruled.

The case sufficiently appears in the opinion.

*D. E. Hurley*, for plaintiff.

*L. F. Giles and Wood & Shaw*, for defendant.

SITTING: WILSON, C. J., DUNN, MORRILL, STURGIS, BASSETT, JJ.

WILSON, C. J.   An action brought under Sec. 71, Chap. 19, R. S., to recover for supplies and medical attendance furnished an indigent family during quarantine. The verdict was for the plaintiff. The case is before this court on defendant's exceptions and a motion for a new trial on the usual grounds.

It is admitted that the supplies were furnished and the quarantine was in the interest of public health, and the only question involved is the pauper settlement of Charles A. Emerson, who, it is admitted, had a derivative settlement in the defendant town.

In a previous action, 122 Maine, 356, the city of Ellsworth sought to establish an acquired settlement for Charles A. Emerson in the town of Bar Harbor and failed. It now in this action seeks to have recourse against the town in which his parents had a settlement when he became of age. The town of Waltham in turn defends by claiming that at the time the supplies were furnished he had acquired and retained a settlement in the city of Ellsworth. Upon this issue the burden is on the defendant. *Inhabitants of Monroe* v. *Inhabitants of Hampden*, 95 Maine, 111.

In the former action between the plaintiff and the town of Bar Harbor, the town of Bar Harbor introduced the evidence of one John H. Bresnahan, a former tax collector of the city of Ellsworth to show the payment of taxes in the city of Ellsworth by Charles A. Emerson during the years of 1908, 1909, 1910, 1911 and 1912. Since testifying in the former action Mr. Bresnahan has died. The defendant now seeks to introduce the stenographer's notes of Mr. Bresnahan's testimony given at the former trial upon the ground that the same issue is involved here as in the former trial and the action is between the same parties or their privies.

The evidence was properly excluded. It is urged by defendant's counsel in argument that, while the parties are not the same, the town of Waltham was interested with the city of Ellsworth in prosecuting the former action against Bar Harbor and may now be regarded as a privy.

While the main consideration in the admission of testimony of deceased witnesses at a former trial is the opportunity of the party against whom it is offered for cross-examination at the previous trial, we do not find the authorities have ever gone so far as to permit the admission of such evidence where the second suit is brought against an entirely different party. *Metro. St. R. Co.* v. *Gumby*, 99 Fed. R., 192; *Patty* v. *Salem Flouring Co.*, 53 Ore., 350. We do not go so far as to hold that the parties must be the same in name. If either of the parties to the second action is a privy to the corresponding party in the previous action, such evidence may be admitted, but privy in this respect means a person claiming under one of the former parties.

*Goodrich* v. *Hanson*, 33 Ill., 499; *Chicago & E. I. R. R. Co.* v. *O'Connor*, 119 Ill., 586; *Fredericks* v. *Judah*, 73 Cal., 604; *Cumb. Coal Co.* v. *Jeffries*, 27 Md., 526; *Jacob Tome Inst.* v. *Davis*, 87 Md., 591; 21 Am. & Eng. Anno. Cases, 182.

The town of Waltham is in no sense a privy of the town of Bar Harbor. Its interest in the former suit was hostile to that of Bar Harbor. Nor can it be said the issue is the same. The issue in the former action was whether Charles A. Emerson had acquired and retained a settlement in Bar Harbor. Here it is whether he had acquired and retained one in the city of Ellsworth. Cross-examination upon the one issue might differ from cross-examination upon the other.

As to the motion the evidence was conflicting. There is evidence from which at some time between 1904 and 1914 the jury might have found that Charles A. Emerson claimed a residence in Ellsworth; but this court cannot say that the evidence of continued residence for five successive years is so compelling that the jury clearly erred in finding to the contrary.

His name, it is true, appears upon the voting lists of that city from 1904 to 1913, and in the later years in obtaining a marriage license he gave his residence as Ellsworth, but it does not appear that he voted in Ellsworth but three of the years included in the period above named and even though he paid a poll tax in Ellsworth during one or more years in the same period, it is not conclusive as to his continuous residence for five successive years against other testimony that he was during this time a rover, working here and there, with no personal effects except the clothes he wore, nor any fixed place or home in Ellsworth to which he could return. *North Yarmouth* v. *West Gardiner*, 58 Maine, 207; *Ripley* v. *Hebron*, 60 Maine, 379; *Thomaston* v. *Friendship*, 95 Maine, 202, 208.

Probably little credence was given to the testimony of Charles Emerson himself. Offered by the defendant, it was of little value in establishing a continuous residence for five successive years in the city of Ellsworth. Registration as a voter or the assessment of poll taxes, even if the voter votes at the annual elections, which, with three exceptions, he did not do in this case, or pays the taxes, which the evidence in this case does not show were paid by him for more than one or two years, is not conclusive evidence. *Rumford* v. *Upton*,

113 Maine, 543.    As the court said in *Monroe* v. *Hampden,* supra, it is much stronger evidence against an alleged acquired residence than in favor of establishing one.

A jury heard all the witnesses and determined that the evidence did not warrant a finding that the defendant had sustained the burden of showing that Charles A. Emerson had ever acquired a pauper settlement in the city of Ellsworth.

It would be merely substituting the judgment of this court for that of the jury to disturb the verdict.

*Exceptions and motion overruled.*