## O'Connor *versus* The American Iron Mountain Company.

1. By a rule of court, items in a plaintiff's account, sworn to and filed, are to be taken as admitted unless denied by affidavit of defence. Plaintiffs filed an account in which interest was charged. The affidavit of defence averred that the transactions were with C. and not with the plaintiffs, and that C. had been paid, except a sum admitted. By agreement, the affidavit of defence was withdrawn, all transactions between plaintiffs and C. and defendant to be "considered in the action," and defendant to file another affidavit of defence, with the items of his set-off. The affidavit admitted the "dealings and business transactions" in plaintiffs' claim and set out defendant's claim; but did not deny the charges of interest. *Held*, that defendant might give in evidence an agreement that he was not to be charged with interest.

2. The record of a foreign attachment against plaintiff, in which defendant was garnishee, was not admissible to stop interest during its pendency.

3. The deposition of one of the plaintiffs was taken and filed by defendant, who declined to read it. *Held*, that the plaintiffs might give it in evidence.

November 8th 1867. Before Thompson, Strong, Read and Agnew, JJ. Woodward, C. J., absent.

Error to the Court of Common Pleas of *Allegheny county*: No. 75, to October and November Term 1867.

The American Iron Mountain Company brought an action against James O'Connor to June Term 1866, and filed, as their claim, an account of iron-ore sold to the defendant, with several items of *interest*, showing a balance of $2660 in their favor. The account was verified by the affidavit required by the rules of court.

The defendant filed an affidavit of defence, averring that he "never made any purchases of iron ore from the plaintiff, except to the value of $1000, which was fully paid for; * * * that the alleged account of all the residue of said iron-ore was purchased by defendant from Cheautau, Harrison & Vallé, who sold it to defendant as their own property, and all of which has been accounted and paid for except about $559—a full statement of which has been rendered to defendant's vendors."

The parties afterwards entered into and filed the following agreement:—

"It is agreed that the affidavit of defence filed on behalf of the defendant be withdrawn, and that defendant cause to be filed an affidavit of defence on the merits as to the disputed item in defendant's account rendered, touching the raising of defendant's barge, and the cargo of Cheautau, Harrison & Vallé in said barge, and upon the filing of an amended affidavit of defence on behalf of defendant, it is agreed that all legal or equitable defence to said plaintiff's claim that defendant may have as against

the plaintiff, or as against the said firm of Cheautau, Harrison & Vallé, as to said items, are to be received in evidence in this case as if the same had been instituted by Cheautau, Harrison & Vallé. It being distinctly agreed that all claims, defences and business transactions between James O'Connor and the Iron Mountain Company, James Harrison, president thereof, and Cheautau, Harrison & Vallé, are to be considered, respected and admitted as one and identical touching the matters in this action for which suit is brought."

In pursuance of this agreement, the defendant filed additional affidavits of defence, admitting that the plaintiff's bill of particulars embraced "dealings and business transactions between him and Cheautau, Harrison & Vallé," which were correct, and that he had a defence for expenses paid by him in raising barges belonging to him, and loaded with their iron, which had been snagged and sunk in the Ohio river; that the expenses charged were in accordance with an agreement made with James Harrison, president of the company, plaintiff, and one of the firm of Cheautau, Harrison & Vallé; defendant annexed to his affidavit an account of the expenses paid by him in raising the barges, showing a balance of $559.25 due by him.

The rule of the Court of Common Pleas of Allegheny county relating to the filing of a plaintiff's claim and a defendant's affidavit of defence is as follows:—"If the plaintiff shall file with his præcipe a specification of the items of his claim, and statement of facts necessary to support it, verified by affidavit, such items of the claim and material averments of facts as are not directly traversed or denied by the affidavit of defence, shall be taken as admitted. The same rule shall apply to a specification of set-off and statement filed by the defendant, the plaintiff's counter affidavit to be filed in ten days after notice."

On the trial before Stowe, A. J., the plaintiffs gave in evidence their statement and affidavit filed, and rested.

The defendant having given some evidence, proposed to prove an agreement between him and the plaintiffs, that no interest was to be charged on their claim; the plaintiff objected, because under the rule of court, the defendant not having objected to the items of interest, admitted their correctness.

The evidence was rejected, and bill of exceptions sealed.

The defendant then offered the record in the District Court of Allegheny, of a foreign attachment at the suit of the Pilot Knob Iron Company, against Cheautau, Harrison & Vallé, in which the defendant, O'Connor, was garnishee, to show that the debt was not subject to interest during the pendency of the proceedings.

The evidence was rejected, and a bill of exceptions sealed.

The deposition of James Harrison, of the firm of Cheautau, Harrison & Vallé, and President of the American Iron Mountain

Company, had been taken by the defendant, and filed in the case. The court declined, on the application of the plaintiffs, to compel the defendants to read it. In rebuttal, the plaintiffs offered the deposition. The defendant objected, because the witness was a party in interest. The court admitted the evidence, and sealed a bill of exceptions.

There was a verdict for the plaintiffs for $2660.

The defendant took a writ of error, and assigned for error the rulings of the court on the above-stated offers of evidence.

*Mellon* and *A. M. Brown*, for plaintiff in error, referred to Burkhart *v.* Parker, 6 W. & S. 482; Boas *v.* Nagle, 3 S. & R. 253; Read *v.* Bush, 5 Binn. 457; Umberger *v.* Zearing, 8 S. & R. 163; Hallowell *v.* Williams, 4 Barr 339; Megargell *v.* Hazleton Coal Co., 8 W. & S. 342; Commonwealth *v.* C. P. & A. Railroad Co., 5 Casey 370; Woodring *v.* Forks Tp., 4 Id. 355; Cunningham *v.* McCue, 7 Id. 469; Cahill *v.* Benn, 6 Binn. 99; Galbraith *v.* Colt, 4 Yeates 551; McLughan *v.* Bovard, 4 Watts 308; Griffiths *v.* Chew, 8 S. & R. 25; Hartsell *v.* Reiss, 1 Binn. 289; Seip *v.* Storch, 2 P. F. Smith 210.

*J. H. Bailey*, for defendant in error.—Act of March 27th 1865, Pamph. L. 38; Seip *v.* Storch, *supra*.

The opinion of the court was delivered, January 7th 1868, by READ, J.—This suit was brought by the plaintiffs against the defendant, on an indebtedness arising from sales and delivery of iron-ore to said defendant by said company, who filed an affidavit of claim and bill of particulars claiming a balance due them of $2660. On the 9th of April 1866, an affidavit of defence was filed, denying expressly that the defendant ever made any purchases of iron-ore from the plaintiffs except to the value of $1000, which was fully paid for, and for which he holds the plaintiffs' receipts as of the following dates:—May 9th 1861, for $500; June 30th 1861, $500.

Affiant further said that the alleged accounts of all the residue of said iron-ore, was purchased by defendant from Cheautau, Harrison & Vallé, who sold it to defendant as their own property, and all of which has been accounted and paid for except about $559, a full statement of which has been rendered to defendant's vendors, and it is denied that the bill of particulars is taken from plaintiffs' books of original entry.

This affidavit, if the facts were proved on the trial, defeated the plaintiffs, and on the 30th April the counsel entered into an agreement, the true construction of which decides whether the court below were right or wrong in their principal ruling against the defendant.

[O'Connor *v.* American Iron Mountain Co.]

It was agreed the above affidavit should be withdrawn, and defendant should cause to be filed an affidavit on the merits as to the disputed item in defendant's account rendered (which must refer to the statement rendered to defendant's vendors, Cheautau, Harrison & Vallé, mentioned in said affidavit), "touching the raising of defendant's barge, and the cargo of Cheautau, Harrison & Vallé in said barge, and upon the filing of an amended affidavit of defence on behalf of defendant, it is agreed that all legal or equitable defences to said plaintiffs' claim that defendant may have, as against the plaintiffs, or as against the said firm of Cheautau, Harrison & Vallé, as to said items, are to be received in evidence in this case, as if the same had been instituted by Cheautau, Harrison & Vallé. It being distinctly agreed that all claims, defences and business transactions between James O'Connor and the Iron Mountain Company, James Harrison president thereof, and Cheautau, Harrison & Vallé, are to be considered respected and admitted as one and identical, touching the matters in this action for which suit is brought." This agreement does not appear on the record, but an affidavit and supplemental affidavits of defence were regularly filed, directed to the points specified in the same.

Upon the trial of the case, the defendant offered to prove an agreement between plaintiffs and defendant, that no interest was to be charged on their claim. To this the plaintiffs objected, that under the affidavits filed by defendant the correctness of the plaintiffs' claim as filed, including interest, is admitted under the 5th rule of this court, and that defendant cannot now be permitted to contradict such admission, and is not admissible under the pleadings in the case; and the court sustained the objection and sealed a bill of exceptions.

The 5th rule which is here referred to, provides that such items of the claim and material averments of facts as are not directly traversed or denied by the affidavit of defence, shall be taken as admitted. The bill of particulars is correct; but it is the charge of interest which is incorrect, because the agreement was that no interest was to be charged on their claim. Independent of the 5th rule, this evidence was clearly pertinent, and should have been admitted. It will be recollected that the plaintiffs' affidavits and bill of particulars were on file and before counsel when the agreement was framed, and that the affidavit of defence was only required as to disputed item in defendant's account rendered, and not one step beyond; and it is agreed "that all claims, *defences* and business transactions" between all these parties "are to be *considered*, respected and *admitted*, as one and identical, touching the matters in this action for which suit is brought." If there is any meaning in this language, it is certainly intended to dispense with the 5th rule and all technicalities, and to allow

[O'Connor *v.* American Iron Mountain Co.]

all defences to be made which are legal or equitable. This defence is not to the principal, but to the interest only, and we are not disposed to put a restrictive meaning on large and liberal words so as to exclude a just defence.

The foreign attachment was properly rejected. The deposition of one of the real plaintiffs, taken under a commission issued by and on behalf of the defendant, and filed in the case, was offered in evidence by the plaintiffs, objected to, and received. Such a deposition of a disinterested witness would clearly have been evidence for either party : 1 Greenl. Ev., § 324, and notes ; Linfield *v.* Old Colony Railroad Corporation, 10 Cush. 570 ; Calhoun *v.* Hays, 8 W. & S. 130 ; and we think the case of Seip *v.* Storch covers the present case.

Judgment reversed, and *venire de novo* awarded.