ROBERT W. LITTLE and MARY E. LITTLE, Administrators of JESSE KORNS *vs*. BENJAMIN R. EDWARDS.

*Pleadings—Demurrer—Joinder of Counts—Joint and Several obligation—Guarantee—Statute of Frauds—Practice—Evidence—Statute of Limitations—Attorney and Client.*

A declaration may properly contain two counts, one treating the cause of action as a joint, and the other treating it as a several, obligation; such joinder is no ground for demurrer.

Little *vs.* Edwards.

Where the person to whose use a judgment is entered assigns the judgment to another, for the purpose of raising money thereon, and guarantees its payment, the object of the guarantor being to subserve a purpose of his own, and not to answer for the debt of another, the guarantee is not within the Statute of Frauds and need not show a consideration on its face.

The plea of "never was indebted as alleged," puts the consideration as well as the promise in issue, and a further plea of want of consideration will be held bad on demurrer.

Where a party to a suit at law refuses to offer in evidence testimony taken by him under a foreign commission, it may be offered in evidence by the opposite party.

On the 12th of June, 1877, a judgment was recovered against B. On the 27th of March, 1878, $1,150 of this judgment was entered to the use of J. K., and on the 27th of June, 1879, the balance was entered to the use of W. M. P. On the 5th of April, 1883, the following order was filed: "Mr. L. Clk. Please enter the above judgment to the use of B. R. E. and I guarantee its payment." This order was signed by both J. K. and W. M. P. In an action on said guarantee brought by B. R. E. against the administrators of J. K. it was HELD :

1st. That the guarantee of J. K. was several, and not joint with W. M. P., and was only intended to cover so much of the judgment as he had an interest in.

2nd. That the bar of the Statute of Limitations pleaded by the defendants, could not be removed by a payment made by the defendants in the judgment.

3rd. That there was no such privity between J. K. and W. M. P. that a payment by the latter would prevent the running of the Statute in favor of the former.

4th. That the Statute of Limitations began to run from the date of the guarantee.

Where the plaintiff's interest in a judgment is assigned, the question whether the plaintiff's attorney becomes after the assignment the attorney for the assignee with authority to act for him in the case, is one of fact to be submitted to the jury.

APPEAL from the Circuit Court for Alleghany County.

Little *vs.* Edwards.

The case is stated in the opinion of the Court.

*First, Second, Fourth,* and *Fifth Exceptions* not noticed by the Court.

*Third Exception* stated in the opinion of the Court.

*Sixth Exception.*—At the trial the plaintiff offered two prayers, which were rejected, and the defendants offered the seven following prayers:

1. That if the jury shall find from the evidence in the cause that Jesse Korns, the defendants' testator, made and signed the guarantee of the judgment as offered in evidence, more than three years before the bringing of this suit, then under the pleading and evidence in this cause the plaintiff cannot recover.

2. That if the jury shall find from the evidence in the cause that Jesse Korns, at the time of the assignment to Edwards, the plaintiff, had an interest in said judgment offered in evidence, to the extent of eleven hundred and fifty dollars, and that the First National Bank of Cumberland, Maryland, had an interest to the extent of two hundred and fifty dollars, and that the balance of said judgment was assigned to Wm. M. Price, and that the guarantee offered in evidence was signed by Jesse Korns and Wm. M. Price, that then this is a variance between the declaration and the proof, and the plaintiff is not entitled to recover.

3. That if the jury shall find from the evidence in the cause that Jesse Korns, together with one William M. Price, made the guarantee of the judgment offered in evidence, that then the plaintiff is not entitled to recover under the pleadings and evidence in this cause, unless they shall further find that the said Benjamin R. Edwards accepted assignments of said judgment at the special instance and request of said Jesse Korns, and paid to said Jesse Korns the consideration or money for such assignments.

4. That if the jury find from the evidence that William M. Price was the attorney of Benjamin R. Edwards, and that as such attorney he collected from the defendants in the judgment offered in evidence, the money due on said judgment after the said judgment was assigned to said Edwards, then the plaintiff cannot recover in this case, and their verdict must be for the defendants, even though the jury may further find that said Price never paid over said money so collected by him to said Edwards.

5. That if the jury find from the evidence that Wm. M. Price, as attorney for Benjamin R. Edwards, collected $470 from the defendants on the judgment offered in evidence, and paid over the same to said Edwards by check, offered in evidence, and dated the 4th of February, 1885, then such payment, made as above set forth, is not sufficient to relieve the bar of the Statute of Limitations.

6. That if the jury shall find that William M. Price was the attorney of record of the plaintiff, Edwards, in the judgment, and while acting as the counsel and attorney of Benjamin R. Edwards, collected from Doerner and Bender, the judgment defendants, various sums of money on the notes held by him against them, for which the judgment was security, and paid over to Benjamin R. Edwards the sum of ($470) four hundred and seventy dollars as part thereof, then such payment is not a payment as the part of Price as a guarantee of said judgment, and is not a sufficient payment in law to keep alive the guarantee against the defendants' testator.

7. That if the jury find that Wm. M. Price after the assignment, was the attorney of Benjamin R. Edwards, and as such attorney collected money of the defendants in said judgment, then the plaintiff in this cause is only entitled to recover such amount of said judgment as was not paid to said Price as such attorney.

Little *vs.* Edwards.

The plaintiff specially excepted to the granting of the defendants' fourth, fifth, sixth and seventh prayers, because of there being no evidence to support the same.

The Court (HOFFMAN and SYESTER, J.,) rejected both prayers of the plaintiff, the first being rejected by a divided Court, and rejected all the prayers of the defendants, the fifth, sixth, and seventh, being rejected by a divided Court. The defendants excepted, and the verdict and judgment being rendered against them, appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, BRYAN, and MCSHERRY, J.

*W. S. Bridendolph,* and *Ferdinand Williams,* for the appellants.

*J. N. Willison,* and *A. H. Boyd,* for the appellee.

STONE, J., delivered the opinion of the Court.

Upon the judicial docket in Alleghany County there is this case :

George G. McKay, use of William Atkinson, and James Little, use of Jesse Korns $1,150.00, per order filed March 27th, 1878 ; balance use of Wm. M. Price, per order filed June 27th, 1879.

*vs.*

Wm. Buckholtz and others.

There are other entries on the docket, but the above are sufficient for the present.

On the 5th of April, 1883, the following entry was made on the docket :

---

Little *vs.* Edwards.

---

"Mr. Suman, cl'k:

Please enter the above judgment to the use of B. R. Edwards, and *I* guarantee its payment.

JESSE KORNS,<br>
WM. M. PRICE."

This latter entry is the cause of action in this case, as Edwards brought suit upon it against the administrators of Korns, one of the assignors, and recovered the full amount of the judgment.

We will first examine the pleadings.

There are two counts in the declaration, one treating this guarantee as a joint and the other as a several obligation. A demurrer was filed to the declaration upon the ground that this was an error.

But there is no ground either in reason or authority why the same cause of action may not be declared upon in different ways. Indeed, the cautious pleader will always do so when he is. in doubt whether his cause of action is joint or several only.

Another ground of demurrer was that the cause of action was an agreement to answer for the debt of another, and that such agreements must not only be in writing but the consideration must also appear in the writing. This is unquestionably true in all cases within the Statute of Frauds, and if this agreement was an agreement to answer for the debt or default of another, the case of the appellee would be at an end.

But the agreement in this case is not within the Statute. It is not a promise to answer for another, but only a sale by Korns of a security owned by him. The testimony shows conclusively that Korns had endorsed notes in bank to accommodate the *defendants* in the original judgment, Buckholtz and others, and obtained the money from Edwards to pay his note in bank, and in order to secure Edwards, assigned him

the judgment and guaranteed its payment. The law in such case is well stated in *Small vs. Schaefer*, 24 *Md.*, 143.

"Where the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his promise is not within the Statute, although it may be *in form* a promise to pay the debt of another."

The main and indeed the only purpose of Korns in obtaining the money from Edwards was to relieve himself, by the payment of his note in bank, and the case is not within the Statute, and the demurrer was properly overruled.

There were many pleas filed of a special character, most of which were demurred to. We do not think it necessary to advert to any of these pleas at this time, except the fourth, as they will hereafter be disposed of when we determine the character of the agreement.

The fourth plea is that Korns never received any consideration for the assignment. This in itself was a good plea. But the defendants had already pleaded that their intestate "never was indebted as alleged." This latter plea put in issue the *consideration* as well as the promise, and the Court below very properly refused to allow the same issue to be tendered twice. Such a course would only tend to perplex the jury.

There are several exceptions to the admissibility of evidence. Some of these exceptions we deem it unnecessary to notice. They were not pressed in the argument, and the rulings were manifestly correct. There is one however, the third, which we will pass upon.

The defendants' intestate, Korns, in his life-time took out a commission to take the testimony of Wm. M. Price, a non-resident of this State. This commission was duly executed and returned to the Court. The defendants, however, declined to offer the testi-

mony taken under the commission or to read the same to the jury. Thereupon the plaintiff claimed the right to offer, the testimony so taken, and to read the same to the jury. To this offer the defendants objected, but the Court overruled the objection and permitted the same to be read, and the defendants excepted. The question is thus squarely presented, whether one party to a suit at law has the right to use the testimony taken under a foreign commission by the other party.

There is no binding authority in this State upon the question, that we are aware of. In some of the other States it seems to be the practice to allow such depositions to be read. *O'Connor vs. American Iron Mountain Co.,* 56 *Pa.*, 234, and *Citizens' Bank vs. Rhutasel, et al.,* 67 *Iowa,* 316. To this practice we can see no objection, certainly in ordinary cases. A witness summoned by one party, and in attendance upon the Court, can be examined by the opposite party, whether the party who summoned him calls him or not. We can see no reason why a different rule should prevail when the deposition of the foreign witness is in Court. When the evidence brought to the notice of the Court, is pertinent and relevant to the issues then before the jury for trial, and is then and there in the court-house and tendered, it would be a perversion of justice to exclude it, merely because it was brought in by one door instead of another, or by one party instead of the other. We therefore think the deposition was properly read in evidence.

Before we examine the instructions, it will be proper for us to determine the nature and effect of the guarantee sued upon in this case, and to decide whether it was a joint and several guarantee, or only a guarantee by Korns of his interest in the judgment.

The guarantee is entered upon the record of a judgment, and guarantees the payment of that judgment.

We have already said that Korns had become the owner of *a part* only of that judgment, and he only had authority to sell and assign the part that he owned. The part that he so owned he had the right to guarantee in the manner which he did. But if it was the intention of the parties to this agreement, that Korns should guarantee the part of the judgment which he did not own, then to make such guarantee effectual, it must be made in the manner required by the Statute of Frauds, and the guarantee must not only be in writing, but the consideration must also appear in writing. This latter requisite is totally wanting in this case, and the guarantee by Korns as to so much of the judgment as he had no interest in, is within the Statute and consequently void. The law merchant has no application to this case, and it would make no difference whether the guarantee was a joint or a several one.

But taking the terms of the guarantee, the evidence and the surrounding circumstances, we think there can be but little doubt that it was the intention of all the parties to this agreement, that Korns should only guarantee to Edwards the amount that he received from him, and that he was not a joint guarantor with Price. Korns became interested in the judgment on 27th March, 1878, to the amount of $1150.00, and on 3d April, 1883, he assigned $250 of this amount to the First National Bank of Cumberland, so that at the time of the assignment to Edwards, Korns in fact owned but $900.00 in the judgment.

The balance of the judgment was assigned to Price on 27th June, 1879, more than a year after the assignment to Korns; so Korns and Price held different interests in the judgment, and their titles accrued at different times, and Price, in his testimony says, that he explained to Korns that it was necessary for him

to make the assignment because part of the judgment stood in his name, and we think the terms of the guaranty amply supports this view. Korns and Price owned the whole judgment, but in very unequal portions, and when each said " I. guarantee " this judgment, the fair and legitimate inference is that each meant to guarantee what part he could guarantee, and not to practice a fraud by professing to do what he could not legally accomplish. It follows that the guarantee of Korns was a several and not a joint one.

The sixth exception is to the refusal of the Court to grant any of the prayers either of the plaintiff or the defendants.

The first prayer of the plaintiff and the first prayer of the defendants present the question of limitations. The theory of the plaintiff as presented by his prayer, is that, if the jury found that Price paid to Edwards the sum of $470, that sum being the amount of the interest due on the judgment within three years before suit brought, then they should find for the plaintiff, although more than three years had elapsed after the guarantee had been given before the institution of the suit.

The defendants' theory is that the payment did not remove the bar of limitation. The question raised by these prayers is whether this payment did remove the bar.

What we have already said disposes of this question. Unlike the case of *Schindel vs. Gates*, 46 *Md.*, 604, this is not a joint and several agreement, and there is no such privity between Korns and Price, that a payment by the latter would prevent the running of the Statute in favor of the former. They were not partners, nor did the relation of principal and surety exist between them. The true construction of the agreement, as we have before said, was that each guaranteed his own

interest in the judgment and no more, and the acts of one could not affect the rights of the other.

But there is another, and if possible, a stronger reason why this payment of $470 could not remove the bar of the Statute against Korns. There is no proof whatever in the record that this money was paid by either Korns or Price, but, on the contrary, there is evidence to show that it was paid by Buckholtz & Bro., the defendants in the judgment. Price, in his evidence says, that this $470 was very largely raised by discounting the notes of the said defendants. He also speaks in another part of his evidence of this money as having been paid to him. It is true, as a matter of fact, that Price paid to Edwards this $470, but such payment was made by him as agent or attorney, and not out of his own funds. Now it is not pretended that a payment made by the defendants in the judgment could affect the plea of limitations when relied on by the guarantor.

We are therefore of opinion that the bar of the Statute was not removed by this payment.

The only remaining question on these two prayers is at what period of time the Statute began to run.

The guarantee given by Korns was for his interest in a judgment long overdue. It was unconditional and absolute. Edwards, the assignee, had the right immediately to issue execution upon his judgment, or to bring suit upon his guaranty. *Wood on Lim. Act.,* sec. 146.

The guarantee was given on 5th April, 1883, and this suit was brought on the 4th Oct., 1886, more than three years after, and no legal exception to the running of the Statute of Limitations having been shown, the first prayer of the plaintiff should have been refused, and the first prayer of the defendants granted.

What we have said disposes also of the defendants' fifth and sixth prayers.

The seventh prayer of the defendants raises the question whether Price was the attorney of Edwards after the assignment to him, Edwards.

It is certainly rather singular that although Price and Edwards are both living that neither of them was examined as to that fact. But taking the evidence as we find it in the record, there is enough, we think, to permit that question to be passed on by the jury.

Price entered his appearance for the plaintiff upon the record on 4th April, 1883, and on 5th April, 1883, but one day later, the assignment to Edwards was filed. It is not improbable that the *execution* of the assignment, and the entry of Price as attorney were simultaneous acts. On 24th Feb., 1885, nearly two years later Price enters a release on the judgment for all interest up to 4th Feb., 1885. As the whole judgment at the time this latter entry was made belonged to Edwards, and as Edwards, or his attorney, alone had *the right* to enter a credit upon it at that time, it is difficult to avoid the conclusion that Price at least undertook to act as Edwards' attorney. The money so collected as interest was paid over by Price to Edwards, and in making the entry Price styles himself attorney, although without saying for whom. From these and other circumstances in the record, we think the question of Price's authority to act as attorney for Edwards should have been submitted to the jury, and that the seventh prayer of the defendants should have been granted.

These are the only questions which we think it material to notice in the prayers. The judgment in this case must therefore be reversed; but as it appears from the record that the Statute of Limitations is a bar to the ultimate recovery in the case, a new trial will

not be ordered, unless the appellee desires it and moves the Court to remand the same for new trial.

*Judgment reversed.*

(Decided 6th December, 1888.)

On the application of the appellee the foregoing case was remanded for a new trial.