## EAST BALTIMORE LUMBER CO. *vs.* THE K'NES-SETT ISRAEL AUSHE S'PHARD CONGREGAION ET AL.

After the judgment in this case reported *ante*, p. 125, a motion for a re-hearing was made and in disposing of the same,

SCHMUCKER, J., delivered the opinion of the Court.

The appellees, who were defendants below, have asked for a re-hearing of this appeal, and they urge in the brief filed in support of their motion, in addition to the grounds relied on in the argument of the appeal.

First, that we should not have reversed the judgment as to all three of the defendants when we held that the plaintiff had practically abandoned its case against the defendant, Silberman, and that the record contained no legally sufficient evidence to hold the Hebrew Congregation, and

Secondly, that we should have held in our opinion that, if any credit at all had been given to the contractor, McCall, for the lumber for the price of which the suit was brought, the undertaking of the defendants was collateral to that of the contractor and void under the Statute of Frauds because not in writing.

The appellees were sued jointly as original promisors and

the record fails to show that they raised the question of misjoinder in the Court below.   There was but one verdict and judgment and having been rendered by a Court of law it would have been improper to affirm it in part and reverse it in part.   In *Hanley* v. *Donohue*, 59 Md. 239, this Court said : "At common law a judgment was regarded as an *entire thing* and being an entirety it has been repeatedly held that it could not be affirmed as to one or more defendants and reversed as to the others.   It must either be affirmed as a whole or reversed as a whole.   *Cutting* v. *Williams*, 1 Salk. 24; *Parker* v. *Harris*, 1 Ld. Raym. 825; *Lloyd* v. *Pearce*, Cro. Jac. 425; *Jaques* v. *Cesar*, 2 Saund. 101; 2 *Bac. Abr.*, 221 marg." *Hanley* v. *Donohue*, was reversed in 116 U. S. 1, upon the ground that an allegation in the declaration, that a judgment recovered in Pennsylvania against two defendants only one of whom had been served with process was binding upon that defendant in Pennsylvania, was admitted to be true by a demurrer to the declaration, but the proposition to which we have referred was not passed upon or reversed by the Supreme Court.

As to the second proposition of the brief;—in holding, in our opinion already filed, that the question whether the defendants undertaking was an original or a collateral one must be solved by determining to whom the credit was given at the time of the sale and delivery of the lumber we used the precise language employed under similar circumstances by our predecessors in *Meyer* v. *Grafflin*, 31 Md. 350, in stating the law as clearly settled by the earlier cases of *Elder* v. *Warfield*, *Connoly* v. *Kettlewell*, and *Cropper* v. *Pittman*.   The same expression was employed by the appellee, Waldeman, himself in the present case, to state the proper rule by which to test his liability, in the defendants' 4th prayer, which asks the Court to rule that the jury must find in his favor because there is no legally sufficient evidence that the lumber in question was sold and delivered *"upon the credit of the said defendant."*   No allusion is made in the prayer to the effect of giving some credit to the contractor.

In a case like the present one, where the parties claiming to be only collaterally bound are sued by themselves as original promisors and not jointly with the persons alleged by them to be originally bound for the debt in suit, the expression *"the credit,"* used in the connection in which we have used it in our opinion, means the sole credit and, as was held in *Norris* v. *Graham*, 33 Md. 58, if it appear that credit was also given to the party to whom the goods were delivered, the undertaking of the defendants must be regarded as collateral and within the statute.

In cases where the person to whom the goods were sold and delivered and the one who orally undertook to be bound for their price are sued together as joint original promissors, the action will not be defeated as to the latter by showing that credit for the goods was given partly to one and partly to the other defendant, as the Statute of Frauds does not extend to a joint promise by two persons for the benefit of one of them. *Am. & Eng. Ency.*, 2 ed., vol. 29, p. 923–4, and cases there cited.

The appellees also insist in their motion that there is no legally sufficient evidence to hold any of the defendants but we still think that the case should have gone to the jury for the reasons stated in our opinion and we will overrule the motion.

*Motion overruled.*

(Decided April 12th, 1905.)