No. 21,315.

JESSE S. GOLDER et al., *Appellants*, v. WILLIAM L. GOLDER et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. GIFT—*Execution of Deed—Undue Influence—Evidence.* Evidence relating to the validity of a deed to a farm examined, and held sufficient to show that the deed was a lawful gift, that the grantor acted intelligently, independently, and of her own volition, and free from undue influence on the part of the grantee.

2. SAME—*Incompetent Witness—Deposition Taken by Opposite Party—Incompetency Waived.* Where the plaintiffs take the deposition of the defendant grantee of a deed which is assailed on the grounds that the grantor was mentally incompetent to make it and that she had made it through the undue influence of the grantee, and where such deposition is filed in court by the plaintiffs, but not offered in evidence by them, the taking of defendant's deposition by the plaintiffs is a waiver of objections to his testimony, and the deposition may properly be read in evidence on behalf of the defendant grantee.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed February 9, 1918. Affirmed.

*J. T. Pringle*, of Burlingame, and *Seymour S. Sidner*, of Fremont, Neb., for the appellants.

*A. B. Crum*, of Lyndon, and *Henry M. Kidder*, of Fremont, Neb., for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to set aside a deed to a farm on the ground that at the time of its execution the plaintiff was mentally incompetent, and that the deed was procured through the undue influence of the grantee. The defendant, William L. Golder, prevailed.

The errors assigned are that the judgment was contrary to the evidence, and that the testimony of the grantee should not have been admitted.

Touching the first of. these propositions, it cannot be said that the judgment was not sustained by the evidence. Most of the evidence was in the form of depositions, and a considerable part of it not only failed to show mental incompetency on the part of the grantor and failed to show undue influence on the part of the grantee, but did tend to show that the grantor acted intelligently, independently, and without constraint or influence of any sort on the part of the grantee—except what might be inferred from his kindness in opening his home to her in the loneliness and growing physical infirmities of the last few months of her life. Even applying the rule that one who receives a large gift from an elderly and feeble person, and who stands in an intimate or fiduciary relation to such person, must shoulder the burden of showing that the gift was voluntary and without constraint or undue influence, and that the donor of the gift was of sound mind and knew and understood what she was about, a considerable portion of the evidence met such requirements. All that was adduced to the contrary —giving it the largest credence—amounted to little more than to show that during the last year or two of the grantor's life she became negligent in her attire, and that she was inclined to be forgetful and frequently repeated herself. in conversations.

On the second ground of error, that the defendant grantee's evidence should not have been admitted, his testimony was in the form of a deposition taken by the plaintiffs and filed by them; and, of course, the defendant could introduce it, although the plaintiffs refrained from using it. (*Rucker v. Reid,* 36 Kan. 468,.13 Pac. 741; *Hale & Bro. v. Gibbs,* 43 Iowa, 380; *Little v. Edwards,* 69 Md. 499; *Byers v. Orensstein,* 42 Minn. 386; 13 Cyc. 979, 980.)

The taking of depositions is not a mere fishing excursion, nor is it authorized for the mere purpose of prying into the defense of an adversary who is disqualified as a witness in his own behalf. When plaintiffs called Golder as their witness and examined him under oath, and filed his deposition in court, they thereby waived all proper objections as to Golder's competency to give the evidence. (*Borgess Inv. Co. v. Vette,* 142 Mo. 560; *Rice v. Waddill,* 168 Mo. 99; *Thomas v. Irvin, Adm'r,* 90 Tenn. 512.)

Affirmed.