CROWN REALTY CORPORATION *v.* NATHAN
WEINSTEIN ET AL.

[No. 37, October Term, 1939.]

*Decided November 29th, 1939.*

The cause was argued before OFFUTT, SLOAN, MITCHELL, and DELAPLAINE, JJ.

*A. J. O'Ferrall, Jr.,* with whom was *Harry M. Ashman* on the brief, for the appellant.

*Solomon Liss,* with whom was *Irvin A. Adler* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was instituted in the Baltimore City Court by Nathan Weinstein and Morris King, appellees, against Crown Realty Corporation, appellant, and Hyman Rutkin and Sarah Rutkin, his wife, to recover on an alleged oral contract for painting a house on Park Heights Avenue in Baltimore City.

In March, 1938, after the appellant corporation had contracted to sell the property to Rutkin and wife for $2000, Weinstein and King offered to paint the house for $350. The painters, however, according to their

testimony, declined to proceed on the credit of the Rutkins, and Rutkin informed them that Crown Realty Corporation would finance the transaction and would also advance money for improvements. Weinstein testified that he went to the office of the corporation to make inquiry, and Jacob L. Friedman, president, said the corporation "would advance the money for the progress of the job."

The painters started upon the work; but in May, 1938, when it was about half finished, they stopped working because the corporation had advanced some money to pay for improvements, and they had not received any.

About a week later they received a letter from Rutkin demanding that the work be completed. The painters testified that they took the letter to the appellant, and both the president and the vice-president of the corporation urged them to complete the work in order to prevent delay in settlement. According to Weinstein, they declared: "We will give you the money as soon as the job is finished and settlement comes through."

The painters declared that they went back to work and finished the job on the faith of the promise of the officers of the corporation that they would pay for the work. Friedman denied that he had ever assumed liability for the work, and swore that he had never seen the two painters until late in June, 1938.

The trial court allowed the case to go to the jury, and the jury rendered a verdict in favor of the plaintiffs for the sum of $367.50.

The corporation is seeking to escape liability by invoking that part of the fourth section of the Statute of Frauds which provides that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriages of another person unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized. This British statute has been

in force in Maryland since colonial days without any legislative reenactment.

The question in this case is whether the alleged promise of the appellant was collateral, and therefore within the Statute of Frauds, or whether it was original and enforceable. It is frequently difficult to determine, merely from the words in which a promise has been made, whether the undertaking is collateral to an engagement of liability or an original undertaking. In deciding this question, the situation of the parties and all the surrounding circumstances should be considered. In other words, the test in determining whether an undertaking is collateral or original is whether the promise was in fact made and intended as collateral or as original. 27 *C. J., Statute of Frauds,* sec. 20; *Brantly on Contracts,* sec. 55.

It is well established that whenever the main purpose of the promisor is to subserve some pecuniary or business purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability. *Elder v. Warfield,* 7 H. & J. 391; *Small v. Schaefer,* 24 Md. 143; *Davis v. Patrick,* 141 U. S. 479, 12 S. Ct. 58, 35 L. Ed. 826. Thus, where there is a new and superadded consideration for the promise, moving between the party promising and the party to whom the promise is made, and distinct from the original liability, the promise is original. So, where a contractor abandoned work on a building, and the owner of the building promised to pay the workmen the amounts due them by the contractor if they would proceed, the court held that the agreement was not within the statute. *Andre v. Bodman,* 13 Md. 241.

In the event that the evidence is plainly not legally sufficient to charge the defendant upon an original undertaking, it is improper for the trial court to submit the case to the jury. But when the question as to whom credit was extended depends upon inferences to be drawn from all the circumstances surrounding the transaction,

it is proper to leave the question to the jury. *Cropper v. Pittman,* 13 Md. 190. Even the charging of goods to a party is not conclusive evidence that credit was extended to him alone, but only a strong circumstance to be submitted to the jury along with all the other evidence in the case. *Myer v. Grafflin,* 31 Md. 350.

In *East Baltimore Lumber Co. v. K'Nessett Congregation,* 100 Md. 125, 59 A. 180; *Id.,* 100 Md. 689, 62 A. 575, where a contractor wished to buy lumber to rebuild a church edifice, and a lumber company was unwilling to credit him, the president of the congregation requested the company to supply the lumber and made the promise: "I will see you paid." These words seemed to imply a guarantee to satisfy any default of the contractor. And it was shown that the bill for the lumber had been charged to the contractor. Nevertheless, the court held that these facts were not conclusive but only *prima facie,* and that there was other evidence which justified submission of the case to the jury.

Furthermore, it has been decided that the Statute of Frauds does not extend in its application to a joint promise by two persons for the benefit of one of them. So, where a person for whom services were rendered, and a person who orally agreed to be bound for the cost of the work, are sued together as joint original promisors, the action cannot be defeated by showing that credit was extended partly to one defendant and partly to the other. *Oldenburg & Kelly v. Dorsey,* 102 Md. 172, 62 A. 576.

In the case before us, the appellant corporation had a definite interest in the transaction. Not only were Rutkin and wife relieved of the necessity of making any cash payment at the time of the contract of sale, but the corporation agreed to finance the purchase price as well as the cost of improvements. The corporation succeeded in inducing a building association to make a mortgage loan on the property in the sum of $3000, instead of $2700, as originally promised. It also made an additional loan itself in the sum of $550 on a second mortgage.

It made cash advancements for improvements during the progress of work. Naturally the officers of the corporation were interested in having the repairing and painting completed in order to consummate the transaction.

The defendant corporation excepted to two of the plaintiff's prayers on the ground that there was no evidence to show that the corporation directed the plaintiffs to undertake the work. There was no error in granting these prayers. It appears that evidence was introduced legally sufficient to justify the court below in submitting the case to the jury to decide whether the purpose of the defendant corporation was to answer for the debt of the painters or to subserve its own purpose.

Three of the prayers offered by the defendant were refused. The first prayed for a directed verdict on the ground of absence of legally sufficient evidence. The second and third alleged a variance between the alleged contract and the evidence. For the reasons set forth, the action of the court in refusing these prayers is held to be correct.

Since there was no error in the rulings of the court on the prayers, the judgment in this case must be affirmed.

*Judgment affirmed, with costs.*