## McCune v. Cramer

*McCrea & McCrea,* for plaintiff.

*Richard Wolfrom,* for defendant.

REESE, P. J., March 26, 1941.—On October 28, 1940, plaintiff caused a fraudulent debtor's attachment under the Act of March 17, 1869, P. L. 8, to be issued against defendant which the sheriff served personally on defendant and on two debtors of defendant as garnishees. The grounds for the attachment were that defendant "fraudulently contracted the debt and incurred the obligation for which the claim is made."

On November 15, 1940, defendant presented his petition for a rule to show cause why the attachment should not be dissolved, averring that defendant had been guilty of no fraud for which an attachment may issue. Plaintiff filed an answer to the rule, re-averring the fraud set forth in the affidavit upon which the attachment issued. On February 18, 1941, the rule was set down for argument by the attorney for defendant, petitioner in the rule.

At the oral argument plaintiff, respondent in the rule, contended that the matter had been set down by petitioner on petition and answer and therefore petitioner must be held to have admitted the responsive averments of the answer, and that, since the answer averred sufficient fraud to justify an attachment, the rule to dissolve must be discharged. Counsel for petitioner stated that, at the instance of respondent's counsel, the parties had on December 13, 1940, joined in taking depositions before a notary public at which time each party hereto was examined by his attorney and cross-examined by the attorney for the other party. It appears that the original depositions were delivered to counsel for respondent and a

copy to petitioner's attorney. The latter stated that when he put the case down for argument he assumed that depositions had been filed by respondent's attorney and had no intention to submit the matter on petition and answer without depositions. He thereupon submitted to the court the copy of the depositions and asked that this copy be considered by the court. There was no intimation by respondent's attorney that the copy was not a true and correct copy of the depositions as taken.

Respondent's attorney insisted that he was under no duty to file the depositions and, since petitioner's attorney had put the matter down for argument on petition and answer without depositions having been filed, petitioner is subject to the rule that he must be held to have admitted the responsive averments of respondent's answer. This rule has been announced in many cases, e. g.: Kelly v. International Clay Products Co., 291 Pa. 383; M. A. Long Co. v. Keystone Portland Cement Co., 302 Pa. 308; Welmet Building & Loan Assn. v. Matchica, 310 Pa. 275; Harr v. Bernheimer, 322 Pa. 412; and reiterated in Pa. R. C. P. 209.

We must decide whether this principle can be invoked against defendant-petitioner in the present case. In other words, we must decide whether the foregoing principle can be invoked where petitioner in a rule to show cause puts the rule down for argument when depositions have been *taken* but not *filed;* or is the principle to be invoked only where no depositions have been *taken?*

We can find no statutory or judicial authority requiring the filing prior to hearing of depositions sur rule to show cause as distinguished from depositions of unavailable witnesses to be read at the trial of an action. According to the order made by the lower court in Biddle v. Black, 99 Pa. 380, depositions sur rule to dissolve a fraudulent debtor's attachment may be offered at the time the rule was heard.

It is also highly significant that in applying the principle that petitioner, by electing to have a matter dis-

posed of on petition and answer, admits the responsive averments of the answer, none of the decisions makes any reference to failure to *file* depositions. In all of them the principle is applied because depositions were not *taken.* For example, in Kelly v. International Clay Products Co., 291 Pa. 383, 385, the principle was invoked because "defendant elected to have the matter (rule) disposed of upon petition and answer without the *taking* of testimony"; in M. A. Long Co. v. Keystone Portland Cement Co., 302 Pa. 308, 319, because of "defendant's failure to *take* answering depositions," and (p. 315) because "defendant had the choice of *taking* depositions . . . and then having the application heard on petition, answer and depositions; or of having it heard on petition and answer alone"; in Hallgarten & Co. v. Schwing, 322 Pa. 255, 256, because "petitioner submitted no evidence in support of her averments"; in Harr v. Bernheimer, 322 Pa. 412, 414, because "no depositions were *taken* by the petitioners"; in American State Bank & Trust Co. v. Mariades, 328 Pa. 428, 430, because "no testimony was *taken*"; in Rebic v. Gulf Refining Co., 122 Pa. Superior Ct. 149, 154, because "no testimony was *taken*"; and in Matovich v. Gradich, 123 Pa. Superior Ct. 355, 362, because petitioners "made no effort to overcome the effect of the answer by persuasive testimony." It must also be noted that Pa. R. C. P. 209 invokes the foregoing principle against a petitioner who orders the cause for argument on petition and answer without *taking* depositions. The rule says nothing about filing the depositions prior to argument.

It follows, therefore, that inasmuch as depositions were *taken* in the present case, petitioner should not be held to have admitted the responsive averments of respondent's answer merely because the depositions were not *filed* prior to oral argument or hearing on the rule to dissolve. This should certainly be true if, as appears to be the case, the depositions were jointly taken. We think it would equally be true if the depositions were taken at the

instance of respondent alone. Even in that event, petitioner should not be deprived of any advantage that might come from the depositions merely because respondent did not file them. It has frequently been indicated that one party is entitled to use depositions taken at the instance of another party: O'Connor v. The American Iron Mountain Co., 56 Pa. 234; Martin v. Dearie, 9 Phila. 186; Rogers v. Gilmore, 13 W. N. C. 193; although not filed: Smith v. Austin, 4 Brewst. 89.

It has also been held that where a defendant in a fraudulent debtor's attachment files a petition to dissolve the attachment, denying fraud, to which plaintiff files an answer, the matter is not ripe for argument unless and until depositions have been taken: Keystone Commercial Co. v. Braden, 19 Dist. R. 886.

We conclude that justice requires us to hold that, inasmuch as depositions were taken although not filed, petitioner for the rule to dissolve the attachment did not order the matter for argument on petition and answer alone and hence cannot be said to have admitted the responsive averments of the answer. We feel that petitioner is entitled to have the depositions considered by the court.

While we feel it would be proper under all the circumstances to consider the copy of the depositions submitted by petitioner at the oral argument, it is preferable that respondent be given an opportunity to file, or deliver to the petitioner for filing, the original depositions. Accordingly we shall order that unless this is done the copy submitted by petitioner be filed as part of the record as of the date of oral argument. Whichever course is pursued, both parties shall have opportunity to reargue the matter in the light of the depositions, inasmuch as the parties at the former argument discussed the matters herein referred to and may desire further discussion on the merits as disclosed by the depositions.

And now, March 26, 1941, it is ordered that unless, within 10 days from this date, plaintiff-respondent files,

or delivers to defendant-petitioner for filing, the depositions sur rule to dissolve the attachment herein, the prothonotary shall file as of March 18, 1941, the copy of such depositions submitted to the court by defendant-petitioner; in either event the matter shall be placed on the next ensuing argument list for reargument.